# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **ROBERT A. STINSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:17CV00015 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | By: James P. Jones |
| **ACTING COMMISSIONER** | ) | United States District Judge |
| **OF SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Lewey K. Lee, The Lee Law Firm of Wise, P.C., Wise, Virginia, for Plaintiff; Theresa A. Casey, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I affirm the final decision of the Acting Commissioner.

The plaintiff filed this action challenging the final decision of the Acting Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for a period of disability and disability insurance benefits under title II of the Social Security Act, 42 U.S.C. §§ 401–433 ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g).

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence

exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.*

The plaintiff applied for benefits on November 15, 2012, alleging disability since August 31, 2012, due to arthritis, back pain, hand stiffness, high blood pressure, and high cholesterol. He received a hearing before an administrative law judge ("ALJ") on July 22, 2015. On September 9, 2015, the ALJ issued a partially favorable decision, determining that the plaintiff was not disabled prior to February 6, 2014, but became disabled on that date and continued to be disabled as of the date of the ALJ's decision. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is now ripe for decision.

The Commissioner applies a five-step sequential evaluation process in assessing an applicant's disability claim. The Commissioner considers, in sequence, whether the claimant: (1) worked during the alleged period of disability,

(2) had a severe impairment, (3) had a condition which met or equaled the severity of a listed impairment, (4) could return to past relevant work, and (5) if not, whether he could perform other work in the national economy. If a decision can be reached at any step, further evaluation is unnecessary. 20 C.F.R. §§ 404.1520(a)(4).

Based upon the evidence, the ALJ found that prior to his disability date, the plaintiff was able to return to past relevant work as a high school teacher and recreational director, and thus was not disabled under the regulations. After careful consideration of the record, and for the reasons stated by the ALJ in her written decision, I that there is substantial evidence supporting the Commissioner's denial of benefits prior to February 6, 2014.

For the foregoing reasons, the Commissioner's Motion for Summary Judgment is GRANTED and the plaintiff's Motion for Summary Judgment is DENIED. Judgment will be entered affirming the Commissioner's decision denying benefits.

It is so **ORDERED**.

ENTER: March 25, 2019

/s/ JAMES P. JONES
United States District Judge